## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **BRENT BLUNDELL,**<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>**MAX B. ELLIOTT, JEFF OYLER, PATRICK SCOTT, DENNIS P. CARLISLE, DAVIS COUNTY and DOES 1-10,**<br><br>    **Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 1:20-cv-143**<br><br>**District Court Judge Robert J. Shelby**<br><br>**Magistrate Judge Dustin B. Pead** |

### INTRODUCTION[1]

This dispute involves the approval and development of the Sycamore Grove Planned Urban Development Subdivision located in Davis County, Utah. Plaintiff Brent Blundell owns property to the north and west of the Subdivision. Mr. Blundell contends the survey, used as the basis for the Sycamore Grove Subdivision plat, was incorrect and the Subdivision's road radius was improperly placed on the overlap with the west boundary of his property. In October of 2020, Plaintiff filed the above-entitled action asserting claims against the Defendants under 28 U.S.C. § 1983 for an unconstitutional taking and conspiracy to commit a taking in violation of his Fifth Amendment rights.

---

[1] This case is before Magistrate Judge Dustin B. Pead pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Robert J. Shelby. (ECF No. 2.)

## PROCEDURAL HISTORY

On October 28, 2020, Plaintiff Brent Blundell ("Plaintiff" or "Mr. Blundell") filed his initial complaint against Defendants Davis County, the Davis County surveyor Max B. Elliott ("Mr. Elliott") and the Davis County planner Jeff Oyler ("Mr. Oyler").[2] These Defendants are collectively referred to as the "County Defendants."[3] Plaintiff's complaint also named Defendants Patrick Scott ("Mr. Scott") as President of Brighton Homes and Dennis P. Carlisle ("Mr. Carlisle"), a licensed land surveyor who conducted a survey "showing the county having a right of way in [Mr.] Blundell's property."[4]

On December 2, 2020, Mr. Carlisle and Mr. Scott separately moved for dismissal of Plaintiff's claims.[5] While their motions were pending, Plaintiff filed his first Motion to Amend and attached a copy of his First Amended Complaint ("FAC").[6] None of the Defendants opposed

---

[2] ECF No. 30 at ¶¶ 9, 10, 15.

[3] The plain language of the FAC states claims against individual Defendants Mr. Elliott and Mr. Oyler in their official capacities as employees of Davis County. *See* (ECF No. 30 at ¶9) (Mr. Elliott "is authorized to act on behalf of the county"); (*Id.* at ¶105) ("When Max Elliott acts as an elected official his acts are the official acts of Davis County"); (*Id.* at ¶10) (Mr. Oyler is "the planner employed by Davis County"); and (*Id.* at ¶13) ("Jeff Oyler is an employee of the County."). An official capacity suit represents "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Soc. Serv.,* 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also Watson v. City of Kansas City,* 857 F.2d 690, 695 (10th Cir. 1988) (citation omitted) ("[A section 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

[4] *Id.* at ¶¶ 11, 13.

[5] ECF No. 12; ECF No. 14.

[6] ECF No. 22; ECF No. 22-1.

amendment. Instead, County Defendants, Mr. Carlisle and Mr. Scott filed separate Motions to Dismiss the FAC.[7]

On January 19, 2021, the Court granted Plaintiff's unopposed Motion to Amend the complaint and directed the Clerk's Office to place a copy of the FAC on the docket.[8] In conjunction therewith, the Court dismissed Mr. Carlisle and Mr. Scott's Motions to Dismiss Plaintiff's initial complaint as moot.[9]

On January 29, 2021, Plaintiff filed a second Motion to Amend and attached a proposed Second Amended Complaint ("SAC").[10]

On March 2, 2021, the Court issued a Ruling denying Plaintiff's second Motion to Amend without prejudice pending the resolution of Defendants' Motions to Dismiss the FAC.[11]

With briefing complete, the Court now rules as set forth herein.

## STATEMENT OF FACTS

As part of its review, the Court takes judicial notice of the following records.[12] These records are referred to in the FAC, central to Plaintiff's claims and incorporated into the pleading

---

[7] ECF No. 25; ECF No. 26; ECF No. 27.

[8] ECF No. 28; ECF No. 30.

[9] ECF No. 12; ECF No. 14; ECF No. 29.

[10] ECF No. 31; ECF No. 31-1.

[11] ECF No. 44.

[12] *See In re Myriad Genetics, Inc.,* 2021 U.S. Dist. LEXIS 50307 at *12 (D. Utah Mar. 16, 2021) (*citing Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (citations and internal quotation marks omitted) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference."); *see also Alvarado v. KOB-TV,* 493 F.3d 1210, 1215 (10th Cir. 2007) (a court may consider documents outside the pleading without converting the motion to one for

by reference: (1) Sycamore Grove Subdivision survey;[13] (2) the recorded Sycamore Grove Subdivision Plat;[14] (3) the Certificate of Annexation;[15] (3) the Davis County Excavation Permit;[16] (4) the Weir Land Survey;[17] and (5) the Ballard Acres Subdivision Plat.[18]  In turn, the Court accepts all well-pleaded factual allegations as true and views them in a light most favorable to Mr. Blundell.[19]

The following facts are taken from Plaintiff's FAC:

1. Mr. Blundell owns property located to the north and west of the Sycamore Grove PUD Subdivision (the "Subdivision").[20]

2. Mr. Blundell's chain of title shows that his property was created by J.J. Conger on August 17, 1956.[21]

2. Mr. Oyler and Mr. Scott jointly worked on the Subdivision project and design.[22]

---

summary judgment if the documents referred to in the complaint "are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.").

[13] ECF No. 30, Exhibit 1, "Sycamore Grove PUD Survey".

[14] ECF No 25-2, Exhibit 1, "Recorded Sycamore Grove Subdivision Plat".

[15] ECF No. 25-3, Exhibit 2, "Certificate of Annexation".

[16] ECF No. 25-4, Exhibit 3, "Excavation Permit".

[17] ECF No. 30, Exhibit 2, "Weir Evidence".

[18] *Id.,* Exhibit 3, "Ballard Acres Subdivision Plat With Elliott's Notes".

[19] *See Galindo v. Asset Recovery Trust,* 2008 U.S. Dist. LEXIS 61495 at *3 (D. Utah, Aug. 12, 2008).

[20] ECF No. 30 at ¶ 8; *Id.*, Exhibit 1; ECF No. 25-2, Exhibit 1.

[21] *Id.* at ¶ 93.

[22] *Id.* at ¶¶115-116.

3. In late August 2016, before the County approved the Subdivision, Plaintiff informed Mr. Oyler that the planned location for the north corner radius[23] of the intersection of the Subdivision's private access road and 850 West encroached on his property's southwest corner.[24]

4. Before the Subdivision was approved, County officials informed Mr. Blundell that the County survey showed that the planned corner radius was within a County owned right-of-way and did not encroach on Plaintiff's property.[25]

5. On several occasions Mr. Elliot and Mr. Oyler met with Plaintiff and his attorney to explain why the County believed that the corner radius did not encroach on his property.[26]

6. Mr. Blundell hired Mr. Gary Wier as a surveyor to plat the roads and fences and locate the boundaries of the subdivisions surrounding the Sycamore Grove PUD.[27]

7. When applying for Subdivision approval, Developer Brighton Development Utah, LLC (the "Developer"), through its President Mr. Scott, hired Focus Engineering to survey and prepare plat drawings for submission to the County.[28]

---

[23] A road's corner radius is the curved round-off on the corner edges of two intersecting streets. Corner radii "directly impact vehicle turning speeds and pedestrian crossing distances." *See* National Association of City Transportation Officials website at https://nacto.org/publication/urban-street-design-guide/intersection-design-elements/corner-radii/ (last visited April 20, 2021).

[24] ECF No. 30 at ¶¶ 6-17, 51.

[25] *Id.* at ¶ 19.

[26] *Id.* at ¶¶ 21, 23-24, 106, 119. These meetings were held on "the week after the planning commission recommended that the proposed PUD be forwarded to the county commission for approval" *Id.* at ¶ 21; "in March of 2017" *Id.* at ¶ 23; and "in late May or early June of 2017" *Id.* at ¶ 24.

[27] *Id.* at ¶¶ 35, 107; Exhibit 2.

[28] *Id.* at ¶¶ 28, 124.

8. As a surveyor employed by Focus Engineering, Dennis Carlisle was the initial surveyor who rendered those services to the Developer.[29]

9. A land title survey of the preexisting properties prepared by Focus Engineering bears the notation, dated 7 November 2016, in its revision block: "Updated south boundary per County Surveyor." This notation shows that county surveyor Max Elliot is requesting that the south boundary be moved.[30]

10. The Davis County Commission approved the Subdivision in April 2017 and the plat was recorded that same month.[31]

11. The following month, the City of North Salt Lake annexed the subdivision.[32]

12. In late May or June 2017, Mr. Oyler told Plaintiff that a building permit for the Subdivision's access road had been approved.[33]

13. In June 2017, the Developer constructed the corner radius at the southwest corner of Blundell's property.[34]

## **STANDARD OF REVIEW**

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[35] "A claim has facial plausibility when it contains factual content that allows the court to draw the reasonable inference that defendant is

---

[29] *Id.* at ¶12; ECF No. 25-2, Exhibit 1.

[30] *Id.* at ¶¶ 12, 33, 44, 122; ECF No. 25-2, Exhibit 1, quotation capitalization altered.

[31] *Id.* at ¶87; ECF 25-2, Exhibit 1.

[32] *Id.*; ECF No. 25-3, Exhibit 2.

[33] *Id.* at ¶¶ 25, 111.

[34] *Id.* at ¶¶ 26, 112.

[35] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2008) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

liable for the misconduct alleged."[36] In other words, a plaintiff must plead both a viable legal theory and enough factual matter that, taken as true, makes the claim for relief plausible on its face.[37]

Plausibility speaks "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[38] When reviewing a complaint under Rule 12(b)(6), the court accepts all plausible factual allegations as true but need not accept "unwarranted inferences, unreasonable conclusions, or arguments."[39] Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."[40]

A determination of whether a complaint states a claim is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense."[41] Indeed, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged---but has not 'show[n]' that the pleader is entitled to relief."[42]

---

[36] *Id.* (*citing Twombly,* 550 U.S. at 556).

[37] *See Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008).

[38] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Twombly,* 550 U.S. at 570).

[39] *Eastern Shore Mkt.'s Inc. v. J.D. Assoc's., LLP,* 213 F.3d 175, 180 (4th Cir. 2000).

[40] *Iqbal,* 556 U.S. at 678 (citation omitted).

[41] *Id.* at 679.

[42] *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

## **DISCUSSION**

The FAC states two § 1983 claims against Defendants for violation of Plaintiff's Fifth Amendment rights.[43] First, Plaintiff states a claim against the County and Mr. Elliott for an unconstitutional taking.[44] Second, Mr. Blundell asserts a claim against Mr. Elliott, Mr. Oyler, Mr. Scott and Mr. Carlisle for an illegal conspiracy to take his private property for public use.[45] As a remedy, Plaintiff seeks shared use of the utilities and the private road in and out of the Subdivision. In the alternative, Mr. Blundell seeks $600,000 to $900,000 in compensatory damages.[46]

County Defendants, Mr. Carlisle and Mr. Scott move for dismissal of the claims against them for failure to state a claim upon which relief may be granted.[47] Defendants' motions and the grounds therefor are addressed in detail below.

---

[43] 42 U.S.C. § 1983.

[44] ECF No. 30 at ¶¶ 104-112.

[45] *Id.* at ¶¶ 113-125.

[46] *Id.* at ¶126.

[47] ECF No. 25; ECF No. 26; ECF No. 27; *see* Fed. R. Civ. P. 12(b)(6).

## I.   County Defendants' Motion For Dismissal [48]

The Fifth Amendment Takings Clause provides that "[p]rivate property [shall not] be taken for public use, without just compensation."[49] An unconstitutional taking occurs when a government entity physically deprives a private owner of property or places such restrictive regulations upon the property that the owner is essentially deprived of its use.[50] The party asserting the taking "bears a substantial burden."[51]

Mr. Blundell asserts § 1983 claims against the County Defendants for an illegal taking and for a conspiracy to take his property for public use. As set forth herein, the Court recommends that Mr. Blundell's claims against the County Defendants be dismissed for failure to state a claim.

### 1.   The Allegations Do Not Establish Substantial Involvement

Plaintiff relies on *Loretto v. Teleprompter Manhattan CATV Corp.* for the proposition that "any permanent physical occupation of property, no matter how slight, [and regardless of the

---

[48] Mr. Blundell's opposition to the County Defendants' Motion to Dismiss contains a section entitled "Facts Quoted From Second Amended Complaint". ECF No. 32 at 2-8. At this juncture, however, Plaintiff has not been given leave to file a second amended complaint and, to the contrary, the Court specifically denied Plaintiff's request for amendment pending resolution of Defendants' Motions to Dismiss the FAC. ECF No. 44. As a result, any factual allegations, clarifications or additional public records that Mr. Blundell offers or references in his opposition memorandum, that are not part of the FAC, will not be considered by the Court.

[49] U.S. Const. amend. V.

[50] *Palazzolo v. Rhode Island,* 533 U.S. 606, 617, 121, S. Ct. 2448, 150 L. Ed. 2d 592 (2001).

[51] *Eastern Enters. v. Apfel,* 524 U.S. 498, 523, 141 L. Ed. 2d 451, 118 S. Ct. 2131 (1998).

degree of involvement by the County, amounts to] a per se taking."[52] Consistent therewith, Mr. Blundell alleges that the County Defendants committed a taking when they "approved a building permit from Brighton Homes to put a road radius and other facilities in 850 West right of way that overlapped with [Mr.] Bludell's west boundary."[53]

In order for a government entity to be held responsible for a taking related to a private party's development activity, a plaintiff must demonstrate "that the government entity was substantially involved in the development of private lands for public use which unreasonably injured the property of others."[54] Here, however, Plaintiff's allegation that the County Defendants approved the Subdivision plat maps "does not convert private development into a public use that gives rise to inverse condemnation liability."[55] Indeed, unlike the legislatively enacted state statute of general applicability authorizing the occupation at issue in *Loretto*, Plaintiff's FAC relies upon the County Defendants' routine, and legally required, administrative

---

[52] *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 102 S. Ct. 3164, 73 L. Ed. 2d 868 (1982).

[53] ECF No. 30 at ¶¶ 111-112.

[54] 11A *McQuillin Mun. Corp.* § 32:164 (3d ed.)

[55] ECF No. 30 at ¶¶ 111-12; *see also Fritz v. Washoe Cnty.,* 376 P.3d 794, 797 (Nev. 2016) (*quoting Clark v. Powers,* 96 Nev. 497, 505, 611 P.2d 1072, 1077 (1980) (County liable for taking where it "participated actively in the development . . . by its own planning, design, engineering and construction activities . . . . )*; Bargmann v. State*, 600 N.W.2d 797, 805 (Neb. 1999) (no taking where City only approved plats and was not involved in the "construction, development, or maintenance of the subdivision."); *Yox v. City of Whittier,* 182 Cal. App. 3d 347, 355 (Cal. Ct. App. 1986) (mere approval of subdivision or plat map did not amount to the acceptance of private property for purposes of an inverse condemnation claim).

review and approval of a proposed Subdivision plat.[56] This is clearly distinguishable from the substantial legislative involvement in *Loretto* and, without more, Mr. Blundell's allegations do not state a claim for an unconstitutional taking.[57]

Although Plaintiff argues that under these circumstances substantial involvement by a governmental entity is not required, Mr. Blundell alternatively asserts that the County Defendants *were* substantially involved as seen through various activities undertaken by County Defendants in connection with the Subdivision plat approval.[58] These actions, however, are not pleaded in the FAC and any allusion to government involvement through the revision of a survey to shift property lines is undeveloped and devoid of the factual enhancement necessary to support substantial involvement by the County Defendants.[59][60]

### 2.    Failure To State A Conspiracy Claim

In addition to his claim for an unconstitutional taking, Mr. Blundell also brings a § 1983 claim for conspiracy, alleging that the County Defendants conspired to take his property for public use.[61] While "civil conspiracy claims are cognizable under § 1983, conspiracy is not an

---

[56] Davis County Code § 15.20.1850(A) (approving subdivision planned unit developments as condition uses).

[57] *Loretto,* 458 U.S. at 421, 423; *see also* N.Y. Exec. Law. § 828(1) (McKinney Supp. 1981-1982) (requiring that landlord must permit a cable television company to install its cable facilities upon owner's property).

[58] ECF No. 32 at ¶¶ 8-10.

[59] ECF No. 30 at ¶ 44; *see Ashcroft v. Iqbal,* 556 U.S. 662,  678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*citing Twombly,* 550 U.S. at 555.)

[60] Based on the Court's conclusion that Mr. Blundell fails to state a cause of action for an unconstitutional taking or conspiracy the Court does not address Defendants' alternative arguments regarding claims sounding in tort or a failure to name the proper party.

[61] ECF No. 30 at ¶¶ 113-125.

independent basis of liability."[62] Thus, in order for Mr. Blundell to state a claim for conspiracy, he must also state an underlying claim for an unconstitutional taking.[63] As stated above, however, Mr. Blundell has not pleaded a Section 1983 claim for deprivation of his constitutional rights based on a taking by the County Defendants and therefore Plaintiff also fails to state a companion claim under § 1983 for conspiracy to take his property for public use.[64]

## II.   Mr. Carlisle and Mr. Scott's Motions To Dismiss

The allegations of the FAC identify Mr. Scott as a Utah resident, and the President of Brighton Homes, who engaged Focus Engineering to provide a survey and plat drawings of the property to be developed for the Subdivision.[65] In turn, the FAC describes Mr. Carlisle as a Utah resident and licensed surveyor who, during the relevant time period, worked for Focus Engineering and provided the land survey and plat drawings requested by Mr. Scott.[66]

Upon review, the Court recommends that Mr. Carlisle and Mr. Scott's Motions to Dismiss Plaintiff's claim for conspiracy be granted because: (1) Mr. Carlisle and Mr. Scott are not state actors; (2) Plaintiff does not plead allegations sufficient to support liability under the joint action test; and (3) Plaintiff does not state a claim for an underlying constitutional violation.

---

[62] *Dent v. Dennison,* 2021 U.S. Dist. LEXIS 62244 at * 19 (S.D. Ill. Mar. 31, 2021) (*citing Smith v. Gomez,* 550 F.3d 416, 423 (7th Cir. 2000) (internal citation omitted).

[63] *Id.*; *see also Beaman v. Freesmeyer,* 776 F.3d 500, 510 (7th Cir. 2015) (*citing Scherer v. Balkema,* 840 F.2d 437, 441-42 (7th Cir. 1998)).

[64] *See Sigg v. District Court of Allen County,* 2007 U.S. Dist. LEXIS 21222 at * 44 (D. Kan. Mar. 23, 2007) (*citing Dixon v. City of Lawton,* 898 F.2d 1443, 1449 n. 6) (10th Cir. 1990) (to state a valid civil conspiracy claim under § 1983 there must be an underlying constitutional deprivation)).

[65] ECF No. 30 at ¶¶ 3-5.

1.   **Mr. Carlisle and Mr. Scott Are Not State Actors**

Standing alone, 42 U.S.C. § 1983 is not "a source of substantive rights, but merely provides a

method for vindicating federal rights elsewhere conferred."[67] Specifically, the statute creates a

federal cause of action for violations of constitutional law by individuals acting "under color of

state law."[68] The statute provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and law, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.[69]

To assert a claim under § 1983, a plaintiff must plead "both the existence of a federally-protected

right and the deprivation of that right by a person acting under color of state law."[70] Because

liability attaches to conduct occurring "under color of law" the proper defendants are those who

"represent [the state] in some capacity, whether they act in accordance with their authority or

---

[66] ECF No. 30 at ¶¶ 12, 28.

[67] *Graham v. Connor,* 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)
(quotations and citation omitted).

[68] 42 U.S.C. § 1983.

[69] *Id.*

[70] *Wittner v. Banner Health,* 720 F.3d 770, 773 (10th Cir. 2013); *see also Sanders v. Muskogee
County Det. Ctr.,* 2012 U.S. Dist. LEXIS 67337 at * 4 (E. D. Okla. May 15, 2012) (*quoting
Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *see
also see also Beedle v. Wilson,* 422 F.3d 1059, 1064 (10th Cir. 2005) (*citing Summum v. City of
Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002) (quotation omitted) (in order to survive dismissal, a
§ 1983 plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or
created by federal statute or regulation, (2) proximately caused, (3) by the conduct of a 'person',

13

misuse it."[71] "[M]erely private conduct, no matter how discriminatory or wrongful," cannot support a Section 1983 claim.[72] Mr. Carlisle and Mr. Scott are private citizens and Plaintiff does not allege that either is employed by a government entity.

A private party may, however, be liable under § 1983 if the party is acting under color of law as a "willful participant in joint action with the State or its agents."[73]

### 2.   The Joint Action Test

The Supreme Court identifies four tests to determine whether private parties, like Mr. Carlisle and Mr. Scott, may be considered state actors for purposes of § 1983 liability based on conduct that is attributable to the State.[74] Those tests include: (1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test.[75]

---

(4) who acted under color of any statute, ordinance, regulation, custom, or usage of any State or Territory of the District of Columbia.")).

[71] *Gallagher v. Neil Young Freedom Concert,* 49 F.3d 1442, 1447 (10th Cir. 1995) (*citing National Collegiate Athletic Ass'n. v. Tarkanian,* 488 U.S, 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988) (citation and internal quotation omitted)).

[72] *Am Mfs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (*quoting Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982)).

[73] *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 319 (5th Cir. 2019) (*citing Dennis v. Sparks,* 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980)); *see also Chilcoat v. Odell,* 2021 U.S. Dist. LEXIS 22735 at *19 (D. Utah Feb. 5, 2021) (*citing Lugar v. Edmondson Oil. Co.,* 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) (internal quotation omitted)).

[74] *Butler v Kelly,* 2019 U.S. Dist. LEXIS 203194 at *3 (D. Kan. Nov. 22, 2019) (*citing Scott v. Hern,* 216 F.3d 897, 906 (10th Cir. 2000)).

[75] *Johnson v. Rodriques,* 293 F.3d 1196, 1202 (10th Cir. 2002) (*citing Gallagher,* 49 F.3d at 1422).

Viewing the allegations of the FAC in a light most favorable to Mr. Blundell, Plaintiff's claim of conspiracy arguably attempts to assert "joint action" between Defendants.[76] To establish joint action, a private party must substantially cooperate[77] as a "willful participant" with the State or its agents[78] and mere acquiescence will not suffice.[79] At the pleading stage, a party may not simply rely upon conclusory allegations but must "allege specific facts tending to show agreement and concerted action between the state and the private person."[80]

While it is not clear, Plaintiff appears to allege that the Defendants conspired to shift or revise Plaintiff's property boundary in order to commit a taking of his property for purposes of constructing the Subdivision. Yet, the allegations fail to provide specific facts identifying an agreement, concerted action, or a plan to do so.[81] Indeed, the touchstone of a claim for joint action is the identification of a "'plan, prearrangement, conspiracy, custom, or policy' [that is] shared by the private actor and the [state]."[82] And, while Mr. Blundell may protest the

---

[76] ECF No. 30, ¶¶ 113-125.

[77] *Johnson,* at 1205 (*citing Gallagher,* 49 F.3d at 1454) (willful participation requires "substantial degree of cooperative action between state and private officials . . . .") (internal quotation and citation omitted).

[78] *Tiscareno v. Frasier,* 2012 U.S. Dist. LEXIS 55553 at * 22 (D. Utah Apr. 19, 2012) (*quoting Gallagher,* 49 F.3d at 1453).

[79] *Id.*

[80] *Hunt v. Bennett,* 17 F.3d 1263, 1268 (10th Cir. 1994).

[81] *See Cherry Knoll, L.L.C., v. Jones,* 922 F.3d 309, 320 (5th Cir. 2019) (finding Plaintiff's "well-pleaded factual allegations and supporting documents make plausible" its claim that Defendant was a "'willful participant in joint action'" with municipal Defendants).

[82] *Forbes v. City of New York,* 2008 U.S. Dist. LEXIS 63021 at *13 (S.D.N.Y. Aug. 12, 2008) (*citing Ginsberg v. Healey Car & Truck Leasing, Inc.,* 189 F.3d 268, 272 (2nd Cir. 1999)).

Subdivision's boundaries, his disagreement with a boundary survey does not establish Mr. Carlisle and Mr. Scott's active and willful participation.

Here, Plaintiff does not clearly allege any plan or agreement to engage in a concerted action to deprive him of his constitutional rights and there is no joint activity to establish state action by Mr. Scott and Mr. Carlisle. Consequently, the allegations of the FAC fail to support a legal claim for relief based on a conspiracy to commit a taking of Mr. Blundell's property[83] and the Court recommends that Mr. Scott and Mr. Carlisle's Motions to Dismiss be granted.[84][85]

### 3. No Underlying Claim

Finally, setting aside the liability of private citizens under § 1983, as discussed above,[86] while "civil conspiracy claims are cognizable under § 1983, conspiracy is not an independent basis of liability."[87] Thus, in order for Mr. Blundell to state a claim for conspiracy, he must also state an underlying claim for an unconstitutional taking.[88] Plaintiff has not done so here and

---

[83] *Flagg v. Yonkers Sav. & Loan Ass' FA,* 307 F. Supp. 2d 565, 585 (S.D.N.Y. 2004), *aff'd* 396 F.3d 178 (2nd Cir. 2005) ("It is beyond cavil that government action is required to trigger the application of [the Fifth Amendment takings] clause; it does not apply to private parties who are not state or governmental actors.").

[84] *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007).

[85] Alternatively, Mr. Carlisle and Mr. Scott argue dismissal of Plaintiff's conspiracy claim is appropriate based on the expiration of the statute of limitations claim and because no taking occurred. While the arguments are cogent, the facts necessary to support the arguments are not clearly deciphered from the FAC or from the Court's untrained review of the attached exhibits. *See* Fed. R. Civ. P. 12(b)(6).

[86] *Supra* at pg. 11-12.

[87] *Dent,* at * 19 (*citing Smith,* 550 F.3d at 423) (internal citation omitted).

[88] *Id.*; *see also Beaman,* 776 F.3d at 510 (*citing Scherer,* 840 F.2d at 441-42).

therefore, even assuming joint action, Mr. Blundell does not state an underlying claim as a basis for § 1983 liability.

## **RECOMMENDATION**

Accordingly for the reasons stated, the Court hereby RECOMMENDS to the District Court as follows:

Defendants Dennis Carlisle and Defendant Patrick Scott's Motion to Dismiss be GRANTED without prejudice. (ECF No. 25; ECF No. 27.)

Additionally, County Defendants Motion to Dismiss be GRANTED without prejudice. (ECF No. 25.)

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72(b). The parties must file an objection to this Report and Recommendation within fourteen (14) days after receiving it. *Id.* Failure to object may constitute a waiver of objections upon subsequent review.

SO ORDERED this 2nd day of June 2021.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge